IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| KEVIN FECTEAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. 2:18-cv-3060-DCN |
| vs. | ) | |
| | ) | **ORDER** |
| EAN HOLDINGS LLC, ENTERPRISE | ) | |
| LEASING COMPANY-SOUTHEAST LLC, | ) | |
| and ELCO ADMINISTRATIVE SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The following matter is before the court on defendant EAN Holdings LLC ("EAN"), defendant Enterprise Leasing Company-Southeast LLC ("Enterprise Southeast"), and defendant ELCO Administrative Services's ("ELCO") (collectively, "defendants") motion to dismiss, ECF No. 17. For the reasons set forth below, the court grants the motion to dismiss as to the bad faith and breach of contract claims, denies without prejudice the motion to dismiss as to the negligence claim, and denies the motion to dismiss as to the declaratory judgment claim.

## I. BACKGROUND

On January 6, 2017, plaintiff Kevin Fecteau ("Fecteau") was a passenger in a rental car that was driven by Chelsey Stoll ("Stoll"). Stoll allegedly stole the rental car from defendants, which Fecteau says he did not know at the time. While Fecteau was in the car, Stoll engaged in a high-speed chase with police, and as a result, Fecteau was injured. Fecteau claims to be insured as a "guest" under defendants' liability and uninsured motorist ("UM") insurance coverage, and he made a coverage demand to defendants. Defendants refused to extend any coverage to Fecteau. Fecteau then filed a

1

personal injury suit against Stoll in state court, in which Stoll signed a confession of judgment. Fecteau provided the confession of judgment to defendants, and defendants have still refused to provide any coverage to Fecteau.

Fecteau filed a lawsuit against defendants in the Court of Common Pleas for the County of Charleston, South Carolina on October 9, 2018. Fecteau alleged that defendants' refusal to extend coverage constituted bad faith, and he requested damages from defendants. On November 12, 2018, Enterprise Southeast removed the suit to federal court based on diversity jurisdiction. Then on November 20, 2018, Enterprise Southeast filed a motion to dismiss. ECF No. 6. Fecteau did not respond to the motion but instead filed a motion to remand on November 26, 2018 based on an amended complaint he had filed in state court. ECF No. 7. At the hearing on the motions, the court instructed Fecteau to file a second amended complaint. Fecteau did so on March 12, 2019. The second amended complaint brings claims for a declaratory judgment, negligence, bad faith, and breach of contract. Defendants filed a motion to dismiss on April 15, 2019, ECF No. 17, to which Fecteau responded on May 3, 2019, ECF No. 25. Defendants did not file a reply. The motion is ripe for review.

## II. STANDARD

A Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); see also Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). To be legally sufficient, a pleading must contain a "short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A Rule 12(b)(6) motion should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support his claim and would entitle him to relief. Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a Rule 12(b)(6) motion, the court should accept all well-pleaded allegations as true and should view the complaint in a light most favorable to the plaintiff. Ostrzenski v. Seigel, 177 F.3d 245, 251 (4th Cir.1999); Mylan Labs., Inc., 7 F.3d at 1134. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. DISCUSSION

Defendants argue that Fecteau's second amended complaint must be dismissed because Fecteau's allegations are insufficient to state a claim for bad faith, negligence, and breach of contract. The court agrees that these three claims must be dismissed. However, defendants do not substantively argue for dismissal of the declaratory judgment claim. Defendants contend that "[a]lthough styled as separate claims, all the allegations in Plaintiff's [second amended complaint] sound in bad-faith and are based upon Defendants' refusal to extend financial responsibility to satisfy the confession of judgment or otherwise pay Plaintiff's claim for UM benefits." ECF No. 17 at 3. Yet Fecteau's declaratory judgment claim does not mention bad faith. Instead, it seeks a

declaration that defendants must provide UM coverage to Fecteau. Therefore, Fecteau's declaratory judgment claim survives.

### A. Bad Faith Claim

Defendants first argue that Fecteau's bad faith claim should be dismissed because defendants did not enter into a contract of insurance with Stoll or Fecteau and because Fecteau does not allege sufficient facts regarding damages. "The elements of a bad faith refusal to pay action are: (1) the existence of a contract of insurance between the parties; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action; and (4) causing damage to the insured." Snyder v. State Farm Mut. Auto. Ins. Co., 586 F. Supp. 2d 453, 457 (D.S.C. 2008). Defendants explain that EAN and Enterprise Southeast are self-insured.[1] Pursuant to S.C. Code Ann. § 56-9-60(A), "[a] person or company who has more than twenty-five motor vehicles registered in his name may qualify as a self-insurer provided that the department is satisfied that the person or company is able to pay any judgments obtained against the person or company." The Supreme Court of South Carolina first considered the obligations of a self-insurer in S. Home Ins. Co. v. Burdette's Leasing Serv., Inc., in which the court held that "[a] self-insurer substitutes for an insurance policy to the extent of the statutory policy requirements." 234 S.E.2d 870, 872 (S.C. 1977). As such, "when one becomes a self-insurer under the Motor Vehicle Financial Responsibility Act, he must pay those claims which normally would arise under the terms of the Act and which are covered by the insurance policies described in the Act itself." Id.

---

[1] According to defendants, ELCO is a third-party liability claims administrator for EAN and Enterprise Southeast that has no ownership interest or other involvement in the rental car at issue here.

South Carolina courts have subsequently held that a self-insurer is required to provide UM coverage pursuant to S.C. Code Ann. § 38-77-150.[2] Wright v. Smallwood, 419 S.E.2d 219, 221 (S.C. 1992); S.C. Elec. & Gas Co. v. Jeter, 343 S.E.2d 47, 49 (S.C. Ct. App. 1986). However, while self-insurers are required to provide this coverage, there appears to be no basis in South Carolina law for a plaintiff to pursue a bad-faith insurance action against a self-insurer when the self-insurer does not provide the coverage. While a self-insurer substitutes for an insurance policy, South Carolina law has not interpreted this substitution as creating an insurance contract, which is required by the first element of a bad faith claim.

Fecteau relies on Auto Owners Ins. Co. v. Rollison, in which the Supreme Court of South Carolina held that the passenger in a car may be considered a "guest," and therefore an "insured," who is entitled to UM coverage pursuant to S.C. Code Ann. § 38-77-30(7), even when the driver and the passenger are not permissive users of the car. 663 S.E.2d 484, 490 (S.C. 2008). In Rollison, the plaintiff was injured in a single-vehicle accident while riding as a passenger in the car. Id. at 485. The car's driver was the grandson of the car owner/named insured, and the grandson did not have permission to drive the car when the accident occurred. At the conclusion of the bench trial, the circuit court held that because the grandson was not a permissive user of the car at the time of the accident, the car was deemed uninsured. Id. at 486. Moreover, the circuit court held that the plaintiff was not a "guest" and therefore not entitled to UM coverage because the plaintiff did not have permission from the named insured to be in the car. Id. at 486–87.

---

[2] This section was formerly § 56-9-830, which is the section cited by S.C. Elec. & Gas Co..

5

On appeal, the Supreme Court of South Carolina reversed the circuit court. In doing so, the court first examined the language of S.C. Code Ann. 38-77-30(7), which defines "insured" in part as "a guest in the motor vehicle to which the [insurance] policy applies." Id. at 488–89. The court then explained that "[b]ecause the Legislature did not include the consent language when it listed 'guest' in the statute, we do not believe it intended to require a 'guest' to obtain the consent of the named insured in order to be eligible for uninsured motorist coverage." Id. at 489. The court then reasoned that "one who is a 'guest' at the invitation of the driver has, by implication, the consent of the named insured. Presumptively then, a guest has the consent of the named insured unless he or she has knowledge to the contrary." Id. Therefore, the crucial inquiry was whether the plaintiff had reason to know that he did not have consent from the named insured. This inquiry "is largely dependent upon the facts of circumstances of each case, particularly the relationships among the involved parties." Id. at 490. The court concluded that the plaintiff was a "guest" because the evidence showed that the driver invited the plaintiff to ride in the car, and because there was no evidence that the plaintiff had reason to know that the driver of the car was not a permissive user, the plaintiff by implication had consent of the named insured.

Here, Fecteau claims that he did not know that Stoll had stolen the car, meaning that he did not know she was not a permissive user and that he presumed that he had consent from defendants. As such, Fecteau argues, he was a guest in the car and therefore eligible for UM coverage. And as discussed above, self-insurers are obligated to provide UM coverage in accordance with S.C. Code Ann. § 38-77-150. While

Rollison may provide support for Fecteau's declaratory judgment claim,[3] which seeks UM coverage from defendants and for which defendants do not seek dismissal, it does not provide Fecteau a basis for pursuing a bad faith claim. Indeed, Rollison contains no discussion of bad faith. Because there appears to be no basis in South Carolina law for Fecteau to pursue a bad faith claim against a self-insurer, Fecteau's bad faith claim must be dismissed.[4]

**B. Negligence Claim**

Defendants next argue that Fecteau's negligence claim must fail because defendants did not owe Fecteau a duty. To establish a negligence claim, a plaintiff must allege that "(1) the defendant owes a duty of care to the plaintiff, (2) the defendant breached the duty by a negligent act or omission, (3) the defendant's breach was the actual and proximate cause of the plaintiff's injury, and (4) the plaintiff suffered an injury or damages." Madison ex rel. Bryant v. Babcock Ctr., Inc., 638 S.E.2d 650, 656 (S.C. 2006). Whether the defendant owed the plaintiff a duty is a question of law. Id. "An affirmative legal duty exists only if created by statute, contract, relationship, status, property interest, or some other special circumstance." Burns v. S.C. Comm'n for Blind, 448 S.E.2d 589, 590 (S.C. Ct. App. 1994).

Here, Fecteau alleges that defendants owed Fecteau "a duty to act as a reasonably prudent insurer" and "a duty of care by virtue of [Fecteau]'s status as an innocent

---

[3] The court makes no ruling on the question of whether Rollison creates on obligation for defendants, as self-insurers, to provide UM coverage to Fecteau, as that issue is not currently before the court.

[4] Because the court dismisses the bad faith claim based on the reasoning in defendants' first argument for dismissal, the court does not address whether Fecteau has sufficiently alleged damages.

7

passenger in [d]efendants' motor vehicle, which is also insured by [d]efendants." Second Am. Compl. ¶¶ 22–23. However, Fecteau does not cite to any basis in the law for these alleged duties. In considering the law that applies here, the court is unable at this point to determine whether defendants owed Fecteau a duty. A self-insurer is required to provide UM coverage based on South Carolina case law and S.C. Code Ann. § 38-77-150. In addition, the Supreme Court of South Carolina in <u>Rollison</u> established that a "guest" of a car may be statutorily entitled to UM coverage even when the driver is not a permissive user. However, it is unclear to the court whether these legal concepts together create a duty for a self-insurer to provide UM coverage to guest of a car with a non-permissive driver. Because the parties did not brief this issue, the court declines to consider it now and denies without prejudice defendants' motion to dismiss as to the negligence claim.

### C. Breach of Contract Claim

Finally, defendants argue that Fecteau failed to state a claim for breach of contract because no contract between the parties exists. "The elements for breach of contract are the existence of the contract, its breach, and the damages caused by such breach." <u>Branche Builders, Inc. v. Coggins</u>, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009). Because the rental car was stolen, there was no rental agreement between defendants and Stoll or Fecteau. Fecteau alleges that "[t]here is a contract for insurance between the parties by operation of South Carolina law." Second Am. Compl. ¶ 34. However, Fecteau does not cite to, nor is the court aware of, any South Carolina law that creates a contract for insurance between a self-insured rental car company and a guest of a stolen rental car. While a self-insurer may be required to provide UM coverage to the guest of its car, this

requirement does not create a contract. Therefore, the court dismisses Fecteau's breach of contract claim.

## IV. CONCLUSION

For the reasons set forth above, the court **GRANTS** the motion to dismiss as to Fecteau's bad faith and breach of contract claims, **DENIES WITHOUT PREJDUICE** the motion to dismiss as to Fecteau's negligence claim, and **DENIES** the motion to dismiss as to Fecteau's declaratory judgment claim.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**June 12, 2019**
**Charleston, South Carolina**